**UNITED STATES DISTRICT COURT**     **EASTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| GARCIA NADAB, | § § § | |
| Plaintiff, | § § | |
| *versus* | § § | CIVIL ACTION NO. 9:24-CV-194 |
| SHAMARCUS D. HOUSTON, *et al.*, | § § § | |
| Defendants. | § § | |

### MEMORANDUM ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Garcia Nadab, an inmate confined at the Wainwright Unit, proceeding *pro se* and *in forma pauperis*, brought this lawsuit pursuant to 42 U.S.C. § 1983 against prison officials.

The court referred this matter to the Honorable Christine L. Stetson, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The magistrate judge recommends dismissing this action for failing to state a claim based on plaintiff's failure to exhaust available administrative remedies.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such referral, along with the record, pleadings and all available evidence. Plaintiff filed a Notice of Filing Grievances (#5). Interpreted liberally, plaintiff's notice is construed as objections to the report. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration, the court concludes plaintiff's objections are without merit.

A review of plaintiff's objections reveals he did not fully exhaust the available administrative remedies prior to filing his complaint in this action.[1] The Fifth Circuit has made clear that administrative remedies must be exhausted prior to filing a lawsuit rather than while the

---

[1] A prisoner's pleading is deemed filed as of the date it was delivered to prison authorities for forwarding to the court. *Cooper v. Brookshire*, 70 F.3d 377, 381 (5th Cir. 1995) (applying rule of *Houston v. Lack*, 487 U.S. 266 (1978), to a prisoner's complaint); *Thompson v. Raspberry*, 993 F.2d 513, 515 (5th Cir. 1993) (applying the *Houston* rule to a prisoner's objections to the report of a magistrate judge). Accordingly, plaintiff's complaint was filed on September 27, 2024.

action is pending, and district courts have no discretion to waive the PLRA's pre-filing exhaustion requirement. *See Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012). Because plaintiff did not exhaust his available administrative remedies prior to filing this action, his complaint may be dismissed for failure to state a claim upon which relief may be granted prior to service of the defendants. *See Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007). Therefore, for the reasons set forth in the Report and Recommendation of the magistrate judge and in this order, plaintiff's complaint should be dismissed for failure to state a claim.

### O R D E R

Accordingly, plaintiff's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct, and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendation.

SIGNED at Beaumont, Texas, this 7th day of April, 2026.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE

2